UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LARRY NEWCOMB, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | Civil Action No. 5: 22-335-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF IRVINE, KENTUCKY, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
|    Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiffs Larry and Lauren Newcomb initiated this action in the Estill Circuit Court on September 13, 2022. [Record No. 1] However, after the plaintiffs added federal claims, the defendants removed the case to this Court. [Record No. 1] Later, the parties tendered an agreed order dismissing the federal claims. Those claims were dismissed on October 25, 2023, based on the parties' agreement. [Record No. 50] With only a state claim remaining, the plaintiffs moved to remand the case to state court. [Record No. 49]

Because the Kentucky state court is a more appropriate venue to adjudicate the remaining state claim and counterclaim, this Court declines to exercise supplemental jurisdiction and will remand the case to the Estill Circuit Court.

**I.**

Plaintiffs Larry and Lauren Newcomb purchased a mobile home park ("Hood Avenue Mobile Home Park") in the City of Irvine, Kentucky on January 11, 2022. [Record No. 1-1, p. 3] They report that the mobile home park was created in the 1950s and since that time has

included twelve lots for mobile homes—each with its own hookup and meter for water and electric. The plaintiffs further indicate that, over the decades, mobile homes have been moved in and out of the property without issue. Consistent with the park's reported history, the owner who sold the property to the plaintiffs maintained a permit with the Kentucky Cabinet for Health and Family Services and the Estill County Health Department that allowed twelve mobile homes within the park. However, the mobile home park had only six inhabited homes when it was purchased by the plaintiffs.

The plaintiffs contend that when they arranged for a mobile home to be moved onto the property in May 2022, they were informally notified by the Irvine Police Chief, City of Irvine Mayor, and the City Attorney that a city zoning ordinance prohibited the plaintiffs from moving additional mobile homes onto the vacant lots. The plaintiffs argue that the zoning ordinance is inconsistent with Kentucky law and that by failing to empower a board of adjustments and a planning committee the defendants were without authority to restrict the plaintiffs' use of the property.

## II.

"Once a federal court no longer has federal claims to resolve, it 'should not ordinarily reach the plaintiff's state-law claims.'" *Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *see Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."); *see also* 28 U.S.C. § 1367(c)(3) (permitting a district court to decline the exercise

of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

When deciding whether to exercise supplemental jurisdiction over any remaining state law claims, the Court considers "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  "The length of time the parties have spent litigating the case before the court, the breadth of discovery compiled into the record, and whether thoroughly briefed motions remain before the court are factors that impact judicial economy."  *Shehata v. Blackwell*, No. 20-cv-012, 2023 WL 3235837, at *2 (E.D. Ky. May 3, 2023).  These interests should be balanced against "needlessly deciding state law issues."  *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (1993).

Although the case was removed to this Court eleven months ago, the only substantive matter addressed by the Court pertained to a request for injunctive relief which was resolved on February 3, 2023.  [Record No. 20] On May 24, 2023, the plaintiffs filed a Second Amended Complaint, which added federal claims as well as additional defendants.  [Record No. 30] However, the parties agreed to dismiss all federal claims on October 25, 2023, prior to the Court addressing the merits of those claims or the arguments raised therein.  [Record No. 48] Aside from granting that dismissal, the Court's involvement since denying preliminary injunctive relief primarily has pertained to matters of pretrial scheduling and compliance. There have been no dispositive motions filed and because federal claims are no longer at issue, remand will conserve the resources of this Court without prejudicing either party.

Similarly, the undersigned finds that the risk of inconvenience to the parties is minimal. While discovery has concluded, the parties before the Court will remain parties before the state

court on remand. And the information gathered through discovery will be equally relevant to the parties as they continue this matter in state court.

Importantly, comity to state courts is a substantial interest that carries a strong presumption in favor of state courts resolving matters of state law. Here, the sole remaining issues are purely state law matters implicating the relationship between state and municipal governance in the Commonwealth of Kentucky. The parties noted in their October status report an intent "to proceed to a declaratory judgment" as to the non-settled state law claims. [Record No. 47] But as the Sixth Circuit has opined, "[a] district court would be wise to decline jurisdiction if a declaratory action involved novel, unsettled, or complex issues of state law . . . ." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 760 (6th Cir. 2014). Since resolving this matter will require the Court to interpret several state statutes and municipal ordinances while contemplating the plaintiffs' novel legal theory, the undersigned finds that the matter is best resolved through Kentucky's state court system.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The plaintiffs' motion to remand this action [Record No. 49] is **GRANTED**.

2. This action is **REMANDED** to Estill Circuit Court and **STRICKEN** from the Court's docket.

- 5 -

Dated: December 1, 2023.

*Danny C. Reeves*, Chief Judge
United States District Court
Eastern District of Kentucky